JOSEPH P. RUSSONIELLO (CSBN 44332)
United States Attorney

BRIAN J. STRETCH (CSBN 163973)
Chief, Criminal Division

JEFFREY B. SCHENK (CSBN 234355)
Assistant United States Attorney

   150 South Almaden Boulevard, Suite 900
   San Jose, California 95113
   Telephone: (408) 535-2695
   Facsimile: (408) 535-5081
   jeffrey.b.schenk@usdoj.gov

Attorneys for the United States

UNITED STATES DISTRICT COURT

NORTHERN DISTRICT OF CALIFORNIA

SAN JOSE DIVISION

| | |
|---|---|
| UNITED STATES OF AMERICA,<br><br>    Plaintiff,<br><br>v.<br><br>KHAHN DANG VU,<br><br>    Defendant. | No. CR 07-00566 JF<br><br>UNITED STATES' SENTENCING MEMORANDUM<br><br>Date: April 23, 2008<br>Time: 9:00 a.m. |

## **INTRODUCTION**

The United States hereby submits its sentencing memorandum in the above-referenced case. On August 30, 2007, before this court, Mr. Vu pled not guilty following arraignment on a two-count Information charging him with conspiracy to distribute 3,4 Methylenedioxymethamphetamine (hereinafter referred to as "MDMA") and possession with the intent to distribute MDMA. On November 8, 2007, also before this court, Mr. Vu changed his plea and pled guilty to count 2 of the Information pursuant to a plea agreement. Mr. Vu is scheduled to be sentenced on April 23, 2008. The government agrees with Probation Officer Benjamin Flores' guideline calculation and sentencing recommendation of 30 months imprisonment.

## SENTENCING GUIDELINES CALCULATION

Pursuant to the United States Sentencing Guidelines ("USSG"), which are advisory after the Supreme Court's decision in United States v. Booker, 125 S.Ct. 738 (2005), and due to the type and quantity of drugs the defendant possessed (170.22 grams of pure MDMA), his base offense level is 24. [PSR 7. USSG § 2D1.1(c)(8)] Because the defendant satisfied the requirements of USSG § 5C1.2(a)(1)-(5), also known as "safety valve", the United States moves for a 2-level reduction in the defendant's base offense level, placing the defendant at level 22. Pursuant to U.S.S.G. §§ 3E1.1(a) and (b), Acceptance of Responsibility, the defendant is eligible for a downward adjustment of three levels, resulting in an adjusted offense level of 19. [PSR 7.] In the plea agreement, the parties agreed to this adjusted offense level.

The government and the Probation Officer calculate that the defendant has zero criminal history points, and therefore, falls into Criminal History Category I. [PSR 8.] An adjusted offense level of 19 when indexed with a Criminal History Category of I yields a guideline range of 30-37 months imprisonment. Probation Officer Flores recommends a sentence of 30 months imprisonment and a $100 special assessment. [PSR Addendum at 2.] Probation Officer Flores also recommends that the defendant be placed on supervised release for three years and that no restitution be imposed. [PSR Addendum at 2.]

The government has reviewed the presentence report and has no objection to the factual information contained therein. The government agrees with Probation Officer Flores' guideline calculation, and agrees that a reasonable and just sentence in this case would be a sentence at the low-end of the applicable guideline range.

## THE GOVERNMENT'S SENTENCING RECOMMENDATION

The government recommends that the defendant be sentenced to 30 months imprisonment, 3 years of supervised release, no fine, and a $100 special assessment.

First, this conviction is the defendant's first felony conviction. A sentence at the low-end of the defendant's applicable guideline range will show both the court's concern for the significance of the felony to which the defendant has pled guilty as well as an understanding that a sentence at the low-end of his guideline range likely will deter this defendant and similar

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00566-JF**                    2

1  potential defendants from committing future crimes.

2  Among the 18 U.S.C. § 3553(a) factors a sentencing court must consider is <u>the need for the
3  sentence imposed to reflect the seriousness of the offense, to promote respect for the law, and to
4  provide just punishment for the offense</u>.  18 U.S.C. § 3553(a)(2)(A).  *emphasis supplied*.  Here,
5  the defendant pled guilty to possessing roughly 5,000 tablets of ecstasy.  The defendant
6  committed a serious felony.  This quantity of ecstasy could have spread throughout the
7  community and caused significant harm.

8  Second, the defendant's guilty plea pursuant to a plea agreement provided him with a five-
9  level departure from the otherwise applicable guideline range.[1]   But for this five-level reduction,
10  Mr. Vu would be facing a guideline sentence of 51-63 months imprisonment.  The government's
11  sentencing recommendation, 30 months imprisonment, reduces by nearly one-half the potential
12  sentence Mr. Vu would face without the benefit of this plea agreement.

13  Finally, the PSR indicates that the defendant does not have the ability to pay a fine and
14  therefore, the government asks the Court not to impose one. [PSR11.]  The Court is required to
15  impose a special assessment of $100.00.

17  DATED: April 8, 2008                    Respectfully submitted,

18                                          JOSEPH P. RUSSONIELLO
                                            United States Attorney

21                                          ___/s/_____
                                            JEFFREY B. SCHENK
22                                          Assistant United States Attorney

---

28  [1] The defendant's base offense level is 24.  He received a two-level departure pursuant to safety valve and a three-level departure following his acceptance of responsibility.

UNITED STATES' SENTENCING MEMORANDUM
CR **CASE # 07-00566-JF**                        3